UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JASON HUGHES,

                Plaintiff,

    -against-

CITY OF NEW YORK SUZANNE FORSTE,
and JOHN DOES 1-6,

                Defendants.
---------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Jason Hughes, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Jason Hughes was an adult male resident of Kings County, in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Suzanne Forste (Shield 24220), was employed by the City of New York as a member of the NYPD. Defendant Forste is sued herein in her official and individual capacities.

4. At all relevant times hereinafter mentioned, defendants John Doe 1

through 6, were employed by the City of New York as members of the NYPD. The Doe defendants' identities are unknown to plaintiff at this time. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On May 30, 2013, at about 5:00 p.m., plaintiff was outside a delicatessen located at or near the intersection of Rockaway and Livonia Avenues in Brooklyn, New York.

8. Plaintiff was on his way into the store when he stopped to speak with two men. Neither plaintiff nor the men were yelling, creating a disturbance, or engaging in any criminal or unlawful behavior, nor would it have been reasonable to believe that plaintiff was engaged in any unlawful or criminal behavior.

9. While plaintiff was outside, plaintiff was approached by several uniformed police officers who asked plaintiff and the two men what they were doing.

10. The plaintiff responded that nothing was going on and walked into the delicatessen.

11. At least one of the officers followed plaintiff into the store and demanded that plaintiff explain what he was talking about outside with the two men. Plaintiff tried to tell the officer that nothing was going on but the officer continued to demand that plaintiff give more details and questioned plaintiff in an aggressive and antagonistic manner.

12. More officers entered the store and surrounded plaintiff. One of the officers pushed plaintiff, who was put against a wall.

13. The officers told plaintiff he was being arrested, to which the plaintiff responded by asking what he was being arrested for and requesting that the officers' sergeant be brought to the scene.

14. The officers responded by forcibly arrested plaintiff. At least one of the officers struck plaintiff multiple times in the back with a baton and another officer punched plaintiff in the face at least twice.

15. Plaintiff was eventually brought to a local area NYPD station house, where his arrest was processed.

16. While at the station house, plaintiff was examined by EMTs, who then brought plaintiff to a local hospital for examination.

17. Plaintiff was returned to the precinct and was then transported to Kings County Central Booking, where he was held for an additional period of time.

18. While plaintiff was were imprisoned by the defendants, defendant Forste completed arrest paperwork in which she expressly claimed that she (i) observed plaintiff outside of the location and that he was "yelling and screaming"; (ii) observed a large

crowd formed because of his "yelling and screaming"; and (iii) asked the plaintiff to "stop yelling and screaming" but he refused.

19. All of these allegations were false and Forste knew them to be false at the time they were made. Plaintiff was not yelling and screaming inside or outside the location, was not asked to stop yelling and screaming, and did not cause a crowd to gather.

20. Forste forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

21. Forste knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of her claims and statements, and assuming that all of these factual statements and claims Forste was relaying were truthful in all material respects.

22. Forste further knew and understood that she was obligated to provide any and all exculpatory information to the KCDA and that she was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

23. As a direct result of these allegations by Forste, the plaintiff was criminally charged by the KCDA under docket 2013KN041260 with disorderly conduct and resisting arrest.

24. Put most simply, plaintiff did not engage in disorderly conduct or any other unlawful or criminal conduct before the defendants arrested him, nor did he engage in

any conduct that defendants could reasonably have believed was unlawful or criminal. The statements made by Forste in her arrest paperwork and in her communications to the KCDA to suggest that plaintiff was engaged in criminal or unlawful conduct were materially false and misleading.

25. Plaintiff was eventually arraigned, at which time he agreed to accept an adjournment in contemplation of dismissal.

26. At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

27. At no time did either of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant against the plaintiff.

28. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

29. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

30. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

31. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

32. Defendants' arrest of plaintiff was motivated by animus towards, and carried out in retaliation for, plaintiff's exercise of his right to free speech under the First Amendment to the United States Constitution.

33. Defendants willfully and intentionally fabricated evidence by falsely claiming that he engaged in disorderly conduct or resisted arrest when they knew this to be untrue, and then forwarded these materially false factual claims to the KCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause the deprivation of plaintiff's liberty and his criminal prosecution by the KCDA.

34. Those officers that did not personally forward such false and fabricated evidence to the KCDA, knew and understood that other officers were fabricating evidence or withholding material facts from the KCDA, and failed to intervene in this misconduct.

35. The defendants utilized excessive force by deliberately striking and beating plaintiff when such force was objectively unreasonable and unnecessary at the time, and then by deliberately applying overly tight handcuffs.

36. By so doing, the individual defendants, individually and collectively,

subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, deprivation of his right to free speech, the use of excessive force, and thereby violated and aided and abetted in the violation of plaintiff's rights under the First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

39. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

40. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, the use of excessive force, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner,

including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, the manufacturing of evidence, and the use of excessive force, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

43. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

44. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

45. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal

defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

46. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

47. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

(Remainder of page intentionally left blank)

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
June 22, 2015

        LUMER & NEVILLE
        Attorneys for Plaintiff

By: *Chaya Gourarie*
Michael Lumer (ML-1947)
Chaya Gourarie (CG-7955)
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060